**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-CV-20
BANKRUPTCY CASE NO. 12-10848**

| | |
|---|---|
| IN RE: )<br>)<br>AMY HOPE CHILSON, )<br>      Debtor, )<br>_____ )<br>)<br>LANGDON M. COOPER, )<br>TRUSTEE, )<br>      Appellant, )<br>)<br>    vs. )<br>)<br>AMY HOPE CHILSON, )<br>      Appellee. )<br>_____ ) | **MEMORANDUM OF<br>OPINION AND ORDER** |

Langdon M. Cooper, the Chapter 7 Trustee ("Trustee") below, has filed a motion herein [15cv20 Doc. 3][1] seeking an order from the Court holding this appeal in abeyance. For the reasons that follow, the Court will deny the Trustee's motion.

---

[1] Citations to the present appellate record in this Court contain the relevant document number referenced preceded by the case file number. (E.g., [15cv20 Doc. *x*]). Citations to the previous appellate record in this Court contain the relevant document number referenced preceded by the prior appeal case file number. (E.g., [14cv45 Doc. *x*]). Citations to the record in Bankruptcy Court, Case No. 1:12-BK-10848 (W.D.N.C.), have the prefix letter B before the document number referenced on the Docket Sheet. (E.g., [B Doc. *x*]).

## PROCEDURAL BACKGROUND

On October 24, 2012, Amy Hope Chilson ("Debtor") filed a voluntary Chapter 7 Petition. [B Doc. 1]. The Debtor claimed one individual retirement account held by Merrill Lynch both as personal property on Schedule B of her Petition and as property exempt from her Bankruptcy Estate on Schedule C. [B Doc. 1 at 7; 9]. On November 28, 2012, the Trustee held a meeting of creditors as required by 11 U.S.C. § 341(a). [B Doc. 3]. At the creditors' meeting, the Trustee spoke with a listed creditor and the Debtor's former husband, Gary Chilson, who provided the Trustee with copies of the separation agreement and New York divorce decree terminating the Chilsons' marriage in 2007. [B Doc. 31-1]. Upon reviewing these documents, the Trustee learned that Mr. Chilson maintained an individual retirement account with TIAA CREF containing money he earned while married to the Debtor, a portion of which was adjudged to be the property of the Debtor in 2007 pursuant to the divorce decree. [Id.]. Specifically, paragraph 5.3.3 of the separation agreement, which was incorporated into the divorce decree [Id. at 2], states:

> For his TIAA CREF account, the Husband will transfer one half of the current balance, plus any applicable investment gains and less any losses on that portion of the Wife's share from the date this Agreement is executed until distribution to the Wife through a qualified domestic relations order in a form acceptable to the Plan Administrators.

[Id.]. No qualified domestic relations order was ever prepared or executed. Consequently, the Debtor's retirement money – that portion of her ex-husband's TIAA CREF retirement account belonging to her by judicial decree – was never removed from Mr. Chilson's IRA. [B Doc. 28 at 1].

On October 4, 2013, the Trustee moved the Bankruptcy Court, in accordance with 11 U.S.C. § 542, for an order directing the Debtor's former spouse to turnover to the Trustee the Debtor's share of funds held in his TIAA CREF account. [B Doc. 25]. Shortly thereafter, the Debtor moved the Bankruptcy Court to amend Schedules B and C of her Petition to claim these funds both as personal property and as exempt from her Bankruptcy Estate. [B Doc. 26]. The parties responded to each other's motions after which the Bankruptcy Court entered an Order on December 27, 2013, granting the Trustee's motion for turnover of the Debtor's retirement funds and denying the Debtor's motion to amend her Petition. [B Doc. 33]. Fourteen days later, the Debtor filed two motions. Her first motion asked the Bankruptcy Court to reconsider its December 27, 2013, Order. [B Doc. 34]. The Trustee responded thereto. [B Doc. 36]. Her second motion sought an extension of time to give notice of appeal in the event the Bankruptcy Court denied her first motion. [B Doc. 35].

On February 4, 2014, the Bankruptcy Court heard the Debtor's motions. [B Doc. 43]. At the hearing, the Debtor's attorney acknowledged that his "research wasn't as thorough as I thought it was originally," and provided the Bankruptcy Court with additional precedent he argued supported the Debtor's position that the portion of the retirement money held in Mr. Chilson's TIAA CREF account adjudged to be her retirement funds were exempt property under state law. [Id. at 3-8]. The Trustee countered that, procedurally, Fed.R.Civ.P. 60 did not provide the proper mechanism to effectuate the relief requested by the Debtor. [Id. at 8-9]. In response to the Debtor's substantive argument, the Trustee maintained (as he has previously asserted) that the Debtor's retirement money held in Mr. Chilson's retirement account represented nothing more than a right to payment inuring to the benefit of the Debtor. [Id. at 10-11]. As such, according to the Trustee, the Debtor's funds were subject to being turned over to him as correctly determined by the Bankruptcy Court's December 27, 2013, Order. [Id. at 11]. During the hearing, however, the Trustee objected to the Debtor's tardiness in offering additional pertinent case law, asserting that he did not have sufficient time to review the materials submitted in court by the Debtor. [Id.]. After hearing the arguments of counsel, the Bankruptcy Court granted the Debtor's motion and agreed to reconsider its December 27, 2013, Order.

[Id.]. The hearing transcript reflects the following exchange between the Bankruptcy Court and counsel for the Trustee:

> THE COURT: Well, I think I ought to consider these matters. And so I'll grant the motion to reconsider and will consider this new material. And, Ms. Youngs, how long do you want to respond to that?
>
> MS. YOUNGS: If I can have two weeks to file –
>
> THE COURT: Okay.
>
> MS. YOUNGS: -- a memorandum?
>
> THE COURT: We'll give you two weeks to respond and then I'll enter an order after that, so.[2]
>
> * * * * * * * * *
>
> THE COURT: When I see the response I'll go to work and get some sort of order out to you, okay?

[Id. at 11-12].

The record in the Bankruptcy Court indicates that the Trustee did not file any memorandum fourteen days after the February 4, 2014, hearing. Due to this omission, the Bankruptcy Court did not enter any further order, upon reconsideration, regarding how the Debtor's retirement funds should be treated with regard to her Bankruptcy Estate. [B Docket Sheet]. Fifteen

---

[2] The Bankruptcy Court's written Order was consistent with this exchange. "Because the Court is granting the Motion to Reconsider, the Debtor's Motion to Extend Time is moot. Counsel for the Trustee has fourteen (14) days from the date of this Order to submit a legal memorandum in support of the Trustee's position as to the application of the law of the domestic case with regard to the funds at issue." [B Doc. 39].

5

days after the Bankruptcy Court's hearing, the Trustee filed a "Notice of Appeal and (Alternative) Motion for Leave to Appeal" on February 19, 2014. [14cv45 Doc. 1].

By Ordered entered October 21, 2014, the Court dismissed the Trustee's appeal and denied his alternative motion for leave to appeal. [14cv45 Doc. 7]. The Court dismissed the Trustee's appeal because the Bankruptcy Court's order, from which an appeal was sought, was interlocutory. [Id. at 7]. The Court denied the Trustee's alternative motion for leave to appeal because he could not satisfy the criteria necessary for appealing an interlocutory order. [Id. at 9].

On January 26, 2015, the Bankruptcy Court entered an Order allowing the Debtor to amend her schedules to claim as exempt from creditors her interest in her ex-husband's retirement accounts. [B Doc. 57]. Correspondingly, the Bankruptcy Court denied the Trustee's motion for turnover of the same. [Id.]. On February 3, 2015, the Trustee filed a Notice of Appeal with regard to the Bankruptcy Court's Order. [15cv20 Doc. 1]. Thereafter, on March 19, 2015, the Trustee filed the present motion to hold this appeal in abeyance. [15cv20 Doc. 3]. The Debtor responded to the Trustee's motion by filing her opposition to it on March 30, 2015. [15cv20 Doc. 4]. This matter is now ripe for the Court's review.

**DISCUSSION**

The Trustee, in his abeyance motion, states that one of the issues he will raise in this appeal is "whether or not the United States Supreme Court decision in Law v. Siegel requires the bankruptcy court to allow a debtor's claimed exemptions regardless of intentional misconduct and bad faith, up to and including fraud. 134 S. Ct. 1188 (2014)." [15cv20 Doc. 3 at 2]. Further, the Trustee states that the Bankruptcy Administrator for this District has joined in a motion for new trial filed by the Chapter 7 Trustee in In re Tracy Layne Caillaud, No. 13-30835 (W.D.N.C.), a case unrelated to the present matter but one which raises "the identical legal issue." [Id.]. In Caillaud, the Bankruptcy Court found that "[t]he facts strongly suggest that Caillaud attempted to mislead her creditors, the Trustee, and this bankruptcy court, convert estate property, and abuse the safe harbors of the bankruptcy system." Caillaud, No. 13-30835, Doc. 30 at 7. Further, the Bankruptcy Court directed the Clerk "to forward a copy of this order to the United States Attorney's Office for the Western District of North Carolina to weigh whether Caillauds's conduct warrants criminal charges." Id. at 8-9. The implication flowing from the Trustee's motion is that the Debtor in the present matter has engaged in some intentional misconduct, bad faith and potentially criminal activity, and that the Bankruptcy Court may be addressing such issues in a

similar case, and based thereon the Trustee seeks for this appeal to be put on hold.

Even assuming that the Trustee's recommended procedure is sound – that this Court wait on the Bankruptcy Court's decision in an unrelated case – the Trustee's abeyance motion must nevertheless be denied. Nowhere does the Trustee cite to any evidence in the Bankruptcy Court record below, or any findings in any order entered by the Bankruptcy Court, that the Debtor has engaged in "intentional misconduct and bad faith, up to and including fraud." Without any such support in the record, the Trustee's claim that this matter contains "the identical legal issue" as that pending in Caillaud is without merit.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Trustee's "Motion to Hold Appeal in Abeyance" [Doc. 3] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Trustee shall file his brief on or before 14 days from the entry of this Order. The Debtor shall file her brief on or before 14 days from the filing of the Trustee's brief.

**SO ORDERED**.   Signed: April 27, 2015

Martin Reidinger
United States District Judge